# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** }<br>}<br>**Plaintiff,** }<br>}<br>v. }<br>}<br>**$2,569.70 IN UNITED STATES** }<br>**CURRENCY FROM E*TRADE** }<br>**ACCOUNT ENDING IN 5644** }<br>}<br>}<br>**and** }<br>}<br>**$5,503,376.88 IN UNITED STATES** }<br>**CURRENCY FROM E*TRADE** }<br>**ACCOUNT ENDING IN 2457,** }<br>}<br>**Defendants.** } | **Case No.:  4:19-cv-1747-ACA** |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Claimant Linda Steinberg's motion for reconsideration of the court's February 24, 2020 order granting Claimant Lisa Daugherty's motion for leave to file an amended claim and answer to the United States' verified complaint for forfeiture *in rem*.  (Doc. 29).

The United States filed this action seeking the forfeiture of $2,569.70 and $5,503,376.88 in currency from two separate E*TRADE accounts that the United

States contends is derived from Ms. Daugherty's alleged wire fraud and money laundering.

Because no new evidence changes the court's analysis and because there is no need to correct clear error or manifest injustice, the court **DENIES** Ms. Steinberg's motion for reconsideration.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On October 24, 2019, the United States filed a verified complaint for forfeiture *in rem* of $2,569.70 in currency from an E*TRADE Account ending in 5644 and $5,503,376.88 in currency from an E*TRADE account ending in 2457. (Doc. 1).  The United States contends that the currency is "property that constitutes or is derived from proceeds traceable" to Ms. Daugherty's alleged wire fraud and money laundering.  (Doc. 1 at ¶¶ 1, 143).  The complaint identifies Ms. Daugherty and Ms. Steinberg as possible claimants to the currency.  (Doc. 1 at ¶ 144).

On October 28, 2019, the Clerk filed and issued a warrant for arrest and notice ordering the arrest and seizure of the currency.  (Doc. 2).  On November 6, 2019, the United States filed an amended notice of filing complaint for forfeiture and mailed the notice to four addresses for Ms. Daugherty and to one address for Ms. Steinberg.  (Docs. 8, 9, 10, 11, 12).  The amended notice of filing complaint for forfeiture states that to avoid forfeiture of the assets, any person claiming an interest in the assets must file: (1) a verified complaint as set forth in Rule G(5) of

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and (2) an answer to the complaint or a motion under Federal Rule of Civil Procedure 12 within 21 days of filing the claim. (*Id.*). The notice also states that any verified claim must be filed on or before December 11, 2019. (*Id.*).

On December 5, 2019, Ms. Daugherty filed a *pro se* verified claim for property. (Doc. 13). The claim states that Ms. Daugherty is the owner of the E*TRADE account ending in 2457 and that the $5,503,376.88 seized from that account "belong solely" to her; were "lawfully obtained;" and are not "the fruits of any crime or criminal conspiracy" or "the proceeds from any criminal activity." (Doc. 13 at ¶ 3).[1]

On December 15, 2019, Ms. Steinberg filed a verified claim for property, in which she alleges that she is the victim of Ms. Daugherty's alleged criminal activity and that she originally and rightfully owned the seized currency. (Doc. 15). On December 30, 2019, Ms. Steinberg filed her answer to the forfeiture complaint. (Doc. 16).

On January 27, 2020, the United States filed a motion to strike Ms. Daugherty's verified claim. (Doc. 18). The United States argued that Ms. Daugherty did not have statutory standing because her claim did not sufficiently

---

[1] Ms. Daugherty's claim does not reference the $2,569.70 in currency seized from the E*TRADE account ending in 5644. (*See generally* doc. 13).

identify her interest in the $5,503,376.88 seized from the E*TRADE account ending in 2457 and because she did not file an answer to the verified complaint. (*Id.*).

On February 19, 2020, Ms. Daugherty, through counsel, filed a motion for leave to amend her claim and file an answer to the forfeiture complaint. (Doc. 21). The motion states that "[w]ithout the benefit of counsel," Ms. Daugherty filed a *pro se* verified claim that did not comply with Rule G(5)(a)(i)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Federal Rule of Civil Procedure 8(a)(2), and she "was unaware of the necessity to file an answer within 21 days of filing her verified claim." (Doc. 21 at ¶¶ 1–2).

On January 24, 2020, the court granted Ms. Daugherty's motion for leave to amend her claim and file an answer and denied as moot the United States' then-pending motion to strike Ms. Daugherty's verified claim for lack of statutory standing. (Doc. 26).

Through counsel, and within the time permitted by the court, Ms. Daugherty filed her amended verified claim and answer. (Docs. 27, 27-1, 28).

## II.     DISCUSSION

Ms. Steinberg seeks reconsideration of the court's order granting Ms. Daugherty's motion for leave to file an amended claim and answer, pursuant to Federal Rule of Civil Procedure 59(e).[2]  (Doc. 25).

"Under Rule 59(e) of the Federal Rules of Civil Procedure, a court may alter or amend a judgment if there is newly-discovered evidence or manifest errors of law or fact."  *Metlife Life & Annuity Co. of Connecticut v. Akpele*, 886 F.3d 998, 1008 (11th Cir. 2018).  To prevail on a motion to reconsider, a losing party "must demonstrate a justification for relief so compelling that the district court was required to" deny the motion.  *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (internal quotations omitted).

Ms. Steinberg makes four arguments in support of her motion for reconsideration.  First, Ms. Steinberg contends that Ms. Daugherty did not achieve statutory standing and that her motion for leave to file an amended claim and answer offered no legitimate reason for the court to exercise its discretion and extend the time for Ms. Daugherty's compliance with the relevant rules.  (Doc. 34

---

[2] Rule 59(e) permits parties to seek relief from a judgment.  The court has not entered a judgment in this case, either partial or final.  But "the style of a motion is not controlling."  *Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988).  And the standard for a Rule 59(e) motion is the same as a general motion for reconsideration.  *Compare Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), *with Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006).  Therefore, the court will use Ms. Steinberg's terminology, and the court declines Ms. Daugherty's invitation to deny Ms. Steinberg's motion as procedurally improper (*see* Doc. 40 at 6–7).

at 17–24). Second, Ms. Steinberg argues that despite representations to the contrary, Ms. Daugherty was represented by counsel, or at least assisted and advised by legal counsel, with respect to her participation in this civil forfeiture action. (Doc. 34 at 24–34). Third, Ms. Steinberg maintains that allowing Ms. Daugherty's claim to proceed does not serve the interest of justice. (Doc. 34 at 34–36). Fourth, Ms. Steinberg argues that Ms. Daugherty's counsel violated the court's initial order by failing to contact or confer with counsel for Ms. Steinberg and for failing to note that the motion for leave to amend her claim and file an answer was opposed. (Doc. 34 at 36–37). Ms. Steinberg's arguments are not persuasive.

First, Ms. Steinberg's argument that Ms. Daugherty did not achieve statutory standing and that she offered no legitimate reason or excuse for her failure to comply with the procedural rules governing this action is, at its core, an expression of Ms. Steinberg's disagreement with an adverse ruling, which is not a proper basis for a motion for reconsideration. To the extent the parties were without the benefit of detailed rationale for granting Ms. Daugherty's motion to amend her claim and file an answer, the court provides it below in addressing Ms. Steinberg's displeasure with the court's ruling.

Section 983(a)(4) and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules") establish statutory standing

requirements for contesting civil forfeiture. *See* 18 U.S.C.C. § 983; Rule G(1) of the Supplemental Rules. To achieve statutory standing, a claimant must file a timely a verified claim and answer to the forfeiture complaint. *United States v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004); *see also* 28 U.S.C. §§ 983(a)(2)(B), 983(a)(4)(B); Supplemental Rule G(5). A district court may require claimants in forfeiture proceedings to comply strictly with the rule's requirements in presenting claims to the court." *$125,938.62*, 370 F.3d at 1328 (quotations omitted). "However, the court may exercise its discretion by extending the time for the filing of a verified claim." *Id.*

To determine whether to exercise its discretion to extend the time for filing a verified claim and answer, the court should consider: (1) "the time the claimant became aware of the seizure;" (2) "whether the Government encouraged the delay;" (3) "the reasons proffered for the delay;" (4) "whether the claimant had advised the court and the Government of his interest in [the seized assets] before the claim deadline;" (5) "whether the Government would be prejudiced by allowing the late filing;" (6) "the sufficiency of the answer in meeting the basic requirements of a verified claim;" (7) whether the claimant timely petitioned for an enlargement of time;" and (8) "the amount seized." *Id.*

On December 5, 2019, Ms. Daugherty filed a timely *pro se* verified claim to the $5,503,376.88 seized from the E*TRADE account ending in 2457. (Doc. 13).

The United States' January 27, 2020 motion to strike explained that Ms. Daugherty's claim did not assert her interest in the seized currency with requisite specificity and that she had failed to file a timely answer. (*See* Doc. 18). Three weeks later, through counsel, Ms. Daugherty filed a motion for leave to file an amended verified claim that complies with the Supplemental Rules and Federal Rule of Civil Procedure 8 and to file an out-of-time answer to the forfeiture complaint. (Doc. 21). Ms. Daugherty explained that her initial claim was deficient because she did not have counsel, and for the same reason, she was unaware of the time limit for filing an answer. (*Id.*). Based on this representation, and the fact that the Government received timely notice that Ms. Daugherty was asserting some interest in the property such that any prejudice to the Government was minimal, the court granted Ms. Daugherty's motion. (Doc. 26). In addition, the court was, and remains, mindful that over $5,000,000 is at issue, and that amount is substantial.

In her motion for reconsideration, Ms. Steinberg claims that "[t]he facts, evidence, and testimony in this case show that prior to the expiration of the deadlines" for Ms. Daugherty to file her claim and answer, Ms. Daugherty "was unquestionably aware of both the contents requirements that applied to her with respect to filing" both documents. (Doc. 34 at 22). Ms. Steinberg maintains that because Ms. Daugherty filed a claim to the property by the deadline established in

the United States' November 6, 2019 amended notice and because the claim notes the misspelling of her name in the notice, Ms. Daugherty necessarily must have "read and taken note of [the notice's] contents, including all of the requirements and deadlines set forth in it." (Doc. 34 at 19). Ms. Steinberg's argument proves too much.

With respect to the sufficiency of the verified claim, the amended notice states that any claim must identify the property claimed and the claimant's interest in the property and be signed under penalty of perjury. (*See e.g.,* Doc. 11 at 2). Ms. Daugherty filed her initial claim *pro se*, and the claim met those basic requirements. And the fact that Ms. Daugherty filed the claim by a specific deadline identified in the notice or that the claim corrected the spelling of her name does not affirmatively show that Ms. Daugherty understood the need to file an answer within 21 days of filing her claim. In any event, the court has discretion to extend the time for the filing of an answer, and as explained above, *see supra* pp. 7–8, the court did so based on the relevant factors.

Ms. Steinberg also argues that in Ms. Daugherty's deposition in a related state court civil lawsuit, Ms. Daugherty admitted that she had received notice and was aware of this civil forfeiture action. (Doc. 34 at 20) (citing Doc. 30-14 at 69–70, 74). But Ms. Daugherty's general knowledge of this civil forfeiture action says

nothing about her knowledge of the required contents of a verified claim or the need to file an answer within a specified time.

The Eleventh Circuit has warned that "[f]orfeiture is a harsh penalty especially when the outcome is forced because of technical and procedural errors." *Id.* at 1329. Therefore, the court must "liberally" permit extensions of the filing periods when doing so would not undermine the goals of the time restrictions set forth in the Supplemental Rules. *$125,938.62*, 370 F.3d at 1329. Ms. Steinberg has not shown how granting Ms. Daugherty additional time to perfect her timely claim and file an answer a mere weeks out-of-time undermines the policy interests underlying the Supplemental Rules. *See $125,938.62*, 370 F.3d at 1328 (noting that verified claims provide "the government with timely notice of a claimant's interest in contesting the forfeiture" and force "claimants to come forward as soon as possible . . . so that all interested parties can be heard and the dispute resolved without delay.") (quotation marks omitted).

Second, Ms. Steinberg argues that the court should reconsider its order allowing Ms. Daugherty to file an amended claim and answer because Ms. Daugherty's representation to the court that she was acting "without the benefit of counsel" is false. (Doc. 34 at 24–34). Ms. Steinberg claims that Ms. Daugherty "was assisted by a legal professional – likely an attorney – in drafting and filing" her original verified claim based on the "unmistakable legal writing style,

10

language, and contents" of the claim and the because a paralegal from the Federal Public Defenders Officer notarized the claim. (Doc. 24 at 28). Ms. Steinberg also claims that during Ms. Daugherty's deposition in the related state court action, Ms. Daugherty asserted her Fifth Amendment privilege when asked about legal representation or legal assistance she received in relation to this civil forfeiture action, and Ms. Steinberg urges the court to make an adverse inference against Ms. Daugherty based on her refusal to answer those questions. (Doc. 24 at 28–32).

Even if the style, language, and contents of Ms. Daugherty's original verified claim suggest that she received some assistance in drafting the document, the fact remains that no attorney filed the original verified claim on Ms. Daugherty's behalf. In addition, there is no evidence before the court that an attorney, in fact, drafted the document. That Ms. Daugherty had a paralegal from the Federal Public Defenders Office notarize the original verified claim does nothing more than signal that she had access to a notary through her criminal defense attorney's office. This fact does not establish that the criminal defense attorney, or any other attorney, prepared Ms. Daugherty's original claim or advised her as to its contents.

At this stage, the court will not draw an adverse inference against Ms. Daugherty for her refusal to answer questions about whether she received legal assistance in drafting the original claim. Even if the court were to do so and find

that counsel, in fact, assisted Ms. Daugherty with her initial claim, the Eleventh Circuit has cautioned that the "district court should be wary to not confer the sins of the attorney unto the claimant in a civil forfeiture case, especially when the prejudice to the government, if any, is slight." *$125,938.62*, 370 F.3d at 1329. Here, any prejudice to the government is minimal as the United States was aware that Ms. Daugherty asserted an interest in the property in a timely fashion and her answer to the complaint is only weeks late. *See United States v. Currency $103,387.27*, 863 F.2d 555, 563 (11th Cir. 1988) ("[W]here a claimant has made known to the court and the government his interest in the subject property . . . before the deadline set for the filing of a proper claim has passed, the policy interest underlying the requirement of a timely verified claim would not be injured by allowing the claimant to perfect his claim . . . .") (quotations omitted).

Third, Ms. Steinberg argues that the interests of justice are not served by allowing Ms. Daugherty file an amended verified claim and answer. (Doc. 34 at 34–36). Ms. Steinberg claims that Ms. Daugherty's motion for an extension of time to file an amended claim and answer "did not provide the Court with any explanation, description, detail, or reasoning as to how or why granting" the motion "would in any way serve the interest of justice." (Doc. 34 at 35). Ms. Steinberg also claims that "justice is not and would not be served in any way by permitting" Ms. Daugherty to proceed with her claim because of the alleged

...
...
...
...

"devasting damage and consequences" that Ms. Daugherty's actions have had on Ms. Steinberg. (Doc. 34 at 35).

These arguments fail. The court understands that Ms. Steinberg believes she is the victim of Ms. Daugherty's alleged criminal activity, and Ms. Steinberg's ability to advance her claim to the seized assets would proceed more quickly in the absence of Ms. Daugherty's competing claim. But as explained above, under the relevant factors, the court appropriately exercised its discretion to allow Ms. Daugherty to amend her claim file and an out-of-time answer.

Fourth, Ms. Steinberg asks the court to reconsider its order granting Ms. Daugherty leave to file an amended claim and answer due to her counsel's failure to comply with the court's initial order. (Doc. 34 at 36–37). The court's initial order instructs moving counsel to contact opposing counsel before filing a motion to determine whether the motion is opposed. (Doc. 30-17 at 11). The initial order also states that all motions should include in the caption a notation that the motion is either "opposed" or "unopposed." (*Id.*). It is undisputed that Ms. Daugherty's motion for leave to amend her claim and file an answer did not comply with these requirements.

But the court has not entered its general initial order governing civil cases in this action. The copy of the initial order that Ms. Steinberg submitted in support of her motion is a template sample initial order available on the court's website.

(Doc. 30-17). Therefore, opposing counsel's failure to comply with the court's sample initial order that the court has yet to enter in this case is not grounds for granting Ms. Steinberg's motion to reconsider.

### III. CONCLUSION

For the reasons stated above, the court **DENIES** Ms. Steinberg's motion for reconsideration of the court's order granting Ms. Daugherty's motion for leave to file an amended claim and answer. (Doc. 29).

**DONE** and **ORDERED** this July 28, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE